MICHAEL LEHNERS, ESQ.
NEVADA BAR NO. 3331
429 Marsh Avenue
Reno, NV 89509
(775) 786-1695
email: michaellehners@yahoo.com
Attorney for Plaintiffs:
NEVADA DIVORCE & DOCUMENT SERVICES
INC., a Nevada Corporation, ROBERT
D. CROCKETT and VICTORIA A. CROCKETT

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE:

JOSEPH MICHAEL SUNDE aka
JOSEPH SUNDE aka MIKE SUNDE,
dba NEVADA QUICK DIVORCE,
and VIKTORIYA SUNDE aka
VIKTORIYA SOKOL

    Debtors.
_____/
NEVADA DIVORCE & DOCUMENT SERVICES
INC., a Nevada Corporation, ROBERT
D. CROCKETT and VICTORIA A. CROCKETT,
both individually and in her capacity
as Trustee of the ERKP Family Trust,

    Plaintiff.

vs

JOSEPH MICHAEL SUNDE aka
JOSEPH SUNDE aka MIKE SUNDE,
dba NEVADA QUICK DIVORCE,
and VIKTORIYA SUNDE aka
VIKTORIYA SOKOL

    Defendants.
_____/

BK-N- 14-50937-btb
(CHAPTER 7)

Adv. No. 14-_____

**ADVERSARY COMPLAINT**

COMES NOW Plaintiffs, Nevada Divorce Y& Document Services, Inc., a Nevada corporation, Robert D. Crockett and Victoria A. Crockett, both individually and in her capacity as Trustee of the ERKP Family Trust, by and through undersigned counsel, and for their claims for relief against the Defendants, Joseph Michael Sunde and Viktoriya Sunde, hereby avers as follows:

## Jurisdictional Allegations

1. This case was commenced by the filing of a voluntary petition under Chapter Seven of Title Eleven, United States Code on May 29, 2014.

2. This adversary proceeding arises under Title 11, United States Code, or in the case aforesaid under said Title 11, and that the above-entitled court therefore has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28, United States Code.

3. This adversary proceeding is brought pursuant to Sections 523 and 727 of Title 11, United States Code, Section 157 of Title 28, United States Code, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I) and (J).

5. In accordance with LR 7008.1(a), Plaintiffs consent to entry of a final order or judgment by the Bankruptcy Court.

6. Venue of this proceeding is appropriate pursuant to the provisions of Title 28 U.S.C. Section 1409(a).

## General Allegations
## Nevada Divorce

7. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though set forth in full herein.

8. Nevada Divorce & Document Services, Inc., (herein Nevada Divorce) was created as a Nevada Corporation on August 23, 1996.

9. Nevada Divorce issued only 100 shares of stock.

10. These 100 shares of stock are owned by the ERKP Family Trust.

11. On April 7, 2008, the Defendant sent to the Secretary of the State of Nevada an annual list of officers, directors and resident agent of Nevada Divorce. The Defendant listed Victoria Crockett as the President, himself as Secretary, himself as Treasurer and Victoria Crockett as Director.

2

12. On or about October 26, 2008, the Defendant sent to the Secretary of State an annual list of officers for Nevada Divorce that designated the Defendant as every officer and that removed Victoria Crockett from every position.

13. The October 26, 2008 list of officers and directors was sent to the Secretary of State by the Defendant without the knowledge or approval of Victoria Crockett.

14. The Defendant had no authority to make this submission to the Nevada Secretary of State on October 26, 2008, and he knew that he had no such authority.

15. On January 20, 2010, the Defendant advised Victoria Crockett in writing that he was no longer the President, Vice President, Secretary, Treasurer or have any other official position with Nevada Divorce.

16. After January 20, 2010 the sole officer, Director and Chief Executive of Nevada Divorce has been and is Victoria Crockett.

17. On or about July 12, 2010 the Defendant removed funds belonging to Nevada Divorce in the amount of $10,000.00.

18. The Defendant had no authority directly or indirectly to remove the $10,000.00 in funds.

19. On December 29, 2010 the Second Judicial District Court entered a Judgment in favor of the Plaintiffs and against the Defendant that was effective as of October 19, 2010.

20. The December 29, 2010 Judgment directed the Defendant to pay the sum of $1,276.50 to Nevada Divorce plus interest at the statutory rate. This $1,276.50 represents charges from a web designer for work done on Defendant's website for his company that competes directly with Nevada divorce that the Defendant had Nevada Divorce pay for.

21. The December 29, 2010 Judgment directed the Defendant to pay the sum of $10,000.00 to Nevada Divorce plus interest at the statutory rate from July 12, 2010.

22. On May 3, 2011 the District Court awarded the Plaintiffs costs of $7,394.96 and attorney fees of $68,385.00 in connection with the December 29, 2010 Judgment.

## General Allegations
## The Greenwich Way Property

23. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though set forth in full herein.

24. On or about March 1, 2008, the Crocketts and Defendant entered into a Lease Agreement for the residence located at 1090 Greenwich Way, Reno, Nevada 89509.

25. The lease was for a 12 month period that could be renewed for two additional years.

26. The lease provided that the Defendant could not make any alterations in said premises except with the prior consent of the Crocketts.

27. The lease provided that the Defendant shall keep and maintain the entire property in good condition, and that he would pay for any repairs of the premises. All repairs were to be performed by a licensed person.

28. The lease provided that all leasehold improvements and fixtures installed or paid for by the Defendant shall revert to the Crocketts. The Defendant had no ownership interest in any leasehold improvement or fixtures.

29. On or about January 25, 2011, the Defendant destroyed the residence at 1090 Greenwich by removing, damaging and/or destroying the following, including but not limited to: the air conditioner unit, all oak trim around window casings, oak floor trim, refrigerator, half of cherry cabinets in kitchen, built in cabinets in the living room, built in upper and lower bar cabinets, built in entertainment center around fireplace, built in cabinets in the hallway, fireplace mantle, closet doors, custom closet in master and guest bedrooms, the doors to each room in the house, medicine cabinet, some floor vents, light fixtures, cabinets in laundry room, all door trim, bathroom fans, bathroom towel racks, toilet paper rolls, toilet seat covers, outlets, light switches, floor tiles, brick outside pillar, crown molding, wallpaper and oak front door. In addition, the Defendant threw paint all over the walls of the house.

30. On or about January 27, 2011, the Defendant returned to the Greenwich property and removed, among other things, various landscaping in the front and back of the house, including all trees and bushes and damaged and drip system.

31. At a hearing in State Court on November 8, 2011 the Defendant testified that he did remove cabinets and other fixtures and took them to the dump. The improvements that were important to him were destroyed and discarded for the sole purpose of depriving the Crocketts of their value.

32. On April 20, 2010, the Defendant recorded a Notice of Lis Pendens in the Washoe County Recorder's Office with respect to the Greenwich property.

33. This lis pendens was subsequently expunged by the State Court.

34. On July 23, 2011, Mr. & Mrs. Crockett entered into a purchase and sale agreement for the home located at 1090 Greenwich Way for an amount of $239,000.00.

35. On July 18, 2011, Defendant recorded in the Washoe County Recorder's Office an additional Notice of Lis Pendens.

36. On August 5, 2011, the Defendant recorded in the Washoe County Recorder's Office a Writ of Prohibition and Mandamus to Prevent the Sale of the Greenwich property.

37. On August 30, 2011, the Defendant recorded in the Washoe County Recorder's Office an Emergency Motion to Appoint Receiver, Remove Trustee, for Restraining Order and Injunctive Relief and for an Accounting.

38. On September 9, 2011, the Defendant recorded in the Washoe County Recorder's Office an Application for Default Judgment.

39. The recording of these documents was not authorized, entitled or required by law to be recorded, and thus were improper.

40. As a direct and proximate result of the recordation of these documents, the Crocketts were unable to sell the Greenwich property to the third party for the $239,000.00 sale price because the recorder's office would not record the transfer.

41. On September 7, 2011, the deal was dissolved due to the clouded title caused by the Defendant's wrongful recording of the afforementioned documents.

51. On January 27, 2014 the District Court awarded Robert and Victoria Crockett costs of $5,230.31, paralegal fees of $120.00 and attorney fees of $63,350.00 in connection with the December 16, 2013 Judgment.

### First Claim for Relief
### Breach of Fiduciary Duty - §523(a)(4)

52. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though set forth in full herein.

53. The Defendant was the Secretary and Treasurer of Nevada Divorce.

54. As an officer of Nevada Divorce, the Defendant owed it a fiduciary duty of trust, confidence and loyalty. This fiduciary duty was imposed upon the Defendant by the laws of the State of Nevada, and it existed prior to the time the Defendant committed the actions set forth in this Complaint.

55. As an officer of Nevada Divorce, the Defendant owed Victoria Crockett, as a fellow officer, a fiduciary duty of trust, confidence and loyalty. This fiduciary duty was imposed upon the Defendant by the laws of the State of Nevada, and it existed prior to the time the Defendant committed the actions set forth in this Complaint.

56. As an officer of Nevada Divorce, the Defendant owed the ERKP Family Trust, as the sole shareholder, a fiduciary duty of trust, confidence and loyalty. This fiduciary duty was imposed upon the Defendant by the laws of the State of Nevada, and it existed prior to the time the Defendant committed the actions set forth in this Complaint.

57. When the Defendant filed papers with the Secretary of State's office removing Victoria Crockett from every position in Nevada Divorce on October 26, 2008 without following applicable corporate formalities, he breached the fiduciary duties imposed upon him by Nevada law.

58. When the Defendant removed funds belonging to Nevada Divorce in the amount of $10,000.00 on July 12, 2010, he breached the fiduciary duties imposed upon him by Nevada law.

42. On or about September 1, 2011, the Defendant sent a document to Mr. Crockett's branch manger, with a copy to his employer's Human Resources headquarters in Ohio.

43. The Defendant's written communication stated that Mr. Crockett had committed criminal acts and was a dishonest person.

44. The facts set forth by the Defendant in the September 1, 2011 letter were false, and the Defendant knew them to be false at the time.

45. On September 20, 2011 the State Court made a finding that the Defendant's communication with Mr. Crockett's employer to be inappropriate. The State Court issued an injunction that prohibited the Defendant from contacting or speaking with Mr. Crockett's employer.

46. On September 20, 2011 the State Court made a finding that the Defendant's filing of documents in the Washoe County Recorder's Office against the Greenwich was an abuse of process as well as an inappropriate use of the recording laws. The State Court thereafter enjoined the Defendant from further filing documents against the Greenwich property.

47. On February 7, 2011 the Second Judicial District Court entered an Order directing the Defendant to stay away from the residence located at 1090 Greenwich Drive. Said Order also directed the Defendant to return all property taken out of the Greenwich residence.

48. On March 3, 2011 the District Court awarded Robert and Victoria Crockett attorney fees in the amount of $4,047.50 in connection with the February 7, 2011 Order granting preliminary injunction.

49. On December 16, 2013 the District Court entered a Judgment in favor of Robert and Victoria Crockett and against the Defendant.

50. The December 16, 2013 Judgment awarded the principal sum of $30,849.00 plus interest of $1,435.32 for a total Judgment of $32,284.32.

59. When the Defendant filed papers with the Secretary of State's office removing Victoria Crockett and when he removed funds belonging to Nevada Divorce, he acted with actual knowledge that his actions were wrong and a direct breach of his fiduciary duties.

60. When the Defendant filed papers with the Secretary of State's office removing Victoria Crockett and when he removed funds belonging to Nevada Divorce, the nature and purpose of the Defendant's conduct and the circumstances known to him involved a gross deviation from the standard of conduct that a law-abiding person would observe in the Defendant's situation.

61. The Plaintiffs are entitled to declaratory relief that the debt owed by the Defendant to the Plaintiffs is non-dischargeable in the amount that was determined in the State Court Action pursuant to 11 U.S.C. §523(a)(4).

62. The State Court's May 3, 2011 award of costs and attorney fees was with respect to and by reason of the Defendant's underlying conduct that constitutes a breach of fiduciary duty.

63. The Plaintiffs are entitled to declaratory relief that the May 3, 2011 award of costs and attorney fees is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

### Second Claim for Relief
### Willful and Malicious Injury - §523(a)(6)

64. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though set forth in full herein.

65. The Defendant did willfully, intentionally and unlawfully destroy the residence at 1090 Greenwich by performing the actions set forth in this complaint.

66. The Defendant did willfully, intentionally and unlawfully record numerous documents at the Washoe County Recorder's Office that clouded the title on the Greenwich Way property.

67. The Defendant did willfully, intentionally and unlawfully transmit false and defamatory statements of fact to Mr. Crockett's employer, causing him great grief and anguish.

68. The intentional actions and conduct of the Defendant were wrongful acts that were done intentionally and which necessarily produced harm and were without just cause or excuse.

69. The Plaintiffs are entitled to declaratory relief that the debt owed by the Defendant to the Plaintiffs is non-dischargeable in the amount that was determined in the State Court Action pursuant to 11 U.S.C. §523(a)(6).

70. The State Court's January 27, 2014 award of costs, paralegal and attorney fees was with respect to and by reason of the Defendant's underlying conduct that constitutes willful and intentional acts.

71. The Plaintiffs are entitled to declaratory relief that the January 27, 2014 award of costs, paralegal and attorney fees is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

## Third Claim for Relief
## Denial of Discharge 727(a)(4)

72. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though set forth in full herein.

73. On May 29, 2014 the Debtors filed schedules indicating no interest in any real property.

74. In reality, the Debtors owned two parcels of real property in Kiev, Ukraine, which has substantial value.

75. The real property in Kiev, Ukraine, is property of the estate as that term is defined by 11 U.S.C. §541(a).

76. The Debtors schedules indicating no interest in any real property are false.

77. Each of these representations related to a material fact.

78. The Debtor made each of these false representations knowingly.

79. The Debtor made each of these false representations with fraudulent intent.

80. The Court should deny the Debtor's discharge pursuant to 11 U.S.C. §727(a)(4).

## Fourth Claim for Relief

## Community Discharge Injunction 524(a)(3)

81. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though set forth in full herein.

82. That at the time Joseph Michael Sunde performed the acts set forth in this complaint, he was married to Viktoriya Sokol.

83. The debts owed by Joseph Michael Sunde to the Plaintiffs are satisfiable from community property under the laws of the State of Nevada.

84. The community property which the Plaintiffs could attach under State Law were included within the assets which would pass to the debtor's bankruptcy estate, whether or not such assets exist at the commencement of the case.

85. The debts owed by Joseph Michael Sunde to the Plaintiffs are excepted from discharge under section 11 U.S.C. §523 and §727.

86. By reason of the fact that the debts owed by Joseph Michael Sunde to the Plaintiffs are non-dischargeable, Viktoriya Sokol is not entitled to the benefit of the discharge injunction for allowed community claims that is set forth in 11 U.S.C. §524(a)(3).

**WHEREFORE**, the Plaintiffs pray for the following relief with respect to the Claims set forth in this Complaint:

1. With respect to the First Claim for Relief, that this Court enter declaratory judgment that the State Court's December 29, 2010 judgment and related award of fees and costs are non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

2. With respect to the Second Claim for Relief, that this Court enter declaratory judgment that the State Court's December 16, 2013 judgment and related awards of fees and costs are non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

3. With respect to the Third Claim for Relief, that the Defendant's discharge be denied pursuant to 11 U.S.C. §727(a)(4).

4. With respect to the Fourth Claim for Relief, that Viktoriya Sunde is not entitled to the benefit of the discharge injunction for allowed community claims that is set forth in 11 U.S.C. §524(a)(3).

5. For such other and further relief as this Court may deem appropriate.

Dated: This ___15___ day of ___August___, 2014

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

11